IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**KIMBERLY ODEN, Individually and on**                                         **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.                         No. 4:19-cv-693-BRW

**SHANE SMITH ENTERPRISES, INC.**                                         **DEFENDANT**

## **DECLARATION OF ATTORNEY JOSH SANFORD**

Pursuant to 28 U.S.C. § 1746, Josh Sanford declares, subject to the penalties for perjury, as follows:

1. My name is Josh Sanford, and I am over the age of 18 and duly qualified to execute this Declaration and to swear to the accuracy of the facts herein contained.

2. I am an attorney licensed and in good standing in the State of Arkansas. I practice law with the law firm of Sanford Law Firm, PLLC (hereinafter "Sanford Law Firm"), which is located in Little Rock, which I founded in Russellville in 2001. I opened an office in Little Rock in 2009 and now predominantly practice in the Arkansas District Courts, together with a busy Western District of Texas practice.

3. I practice law full-time, and I manage the other fifteen (15) attorneys in the Sanford Law Firm.

4. Including cases now pending, I have prosecuted over 200 wage lawsuits in Texas in the last five years. Some of these were arbitrations.

5. Including cases now pending, I have prosecuted over 500 wage lawsuits in Arkansas in the last ten years.

6.	In the course of my law practice, I engage in a significant amount of wage and hour litigation—specifically cases arising under the Fair Labor Standards Act (FLSA) and the comparable Arkansas Minimum Wage Act (AMWA).  A significant portion of my case load is in various federal courts around the United States, including trial work in cases arising under Title VII of the Civil Rights Act of 1964, the Equal Pay Act, the FLSA, and the Family and Medical Leave Act.

7.	I am licensed to practice law in all state and federal courts in the States of Arkansas, Colorado and Texas. I am also actively engaged in appellate practice.  I have handled cases before almost all county Circuit Courts in the Central and River Valley regions of Arkansas, the United States District Courts for the Eastern and Western Districts of Arkansas, the United States District Courts for the Eastern, Southern, Northern and Western Districts of Texas, United States District Court for the Northern District of Oklahoma, United States District Court for the Southern District of Ohio, the United States District Court for the District of Colorado, the United States District Court for the Eastern District of Michigan, the United States District Court for the District of Oregon, the Fifth, Sixth and Eighth Circuit Courts of Appeals.

8.	In the past few years we have also filed cases in Ohio, Kentucky, Tennessee, North Carolina, South Carolina, Florida, Georgia, Alabama, Mississippi, Louisiana, Missouri and Illinois.  There is no group of attorneys within 600 miles of Little Rock who have experience comparable to Sanford Law Firm in wage litigation.  Including cases currently being prosecuted throughout the country today, Sanford Law Firm has prosecuted over 1,000 wage cases in federal and state courts and in arbitration proceedings.  In 2018, only one firm in the United States initiated more wage violation

prosecutions than Sanford Law Firm.

9. In 2005, I was voted "Best Attorney" (tie) in a readers' poll published by *The Courier* in Russellville, Arkansas. Subsequently, in 2008, I served as the President of the Pope County Bar Association. In addition, I am or have been a member of the American, Arkansas, and Pope County Bar Associations, the Arkansas Trial Lawyers Association and the National Employment Lawyers Association.

10. I have been lead counsel on numerous wage and hour cases filed in United States District Courts throughout the nation, including the following: *Craig Lyons, et al. v. Con Agra*, 4:12-cv-245-JM (E.D. Ark.) (over 790 plaintiffs); *Keyli Cruthis, et al. v. Visions, et al.*, 4:12-cv-244-KGB (E.D. Ark.); *James Finley v. Universal Pressure Pumping, Inc.*, SA:12-ca-0654-OG (Western District of Texas); *Michael Alexander v. Hahn Appliance Center, Inc.*, 12-CV-257-CVE-TWL (N.D. Okla.); *Chad Lochridge, et al. v. Lindsey Management, et al.*, 5:12-CV-5047-JLH (W.D. Ark.); *Bill Hollomon, et al. v. AT&T Mobility Services, LLC*, 4:11-cv-600-BRW (E.D. Ark.); *Jeffrey Bacon, et al. v. Eaton Aeroquip, LLC*, 2:11-cv-14103-GD (E.D. Mich.); *Karen "Kay" Roland v. Sharp County Post 336, et al.*, 1:11-CV-85-DPM (E.D. Ark.); *Bennie Watson, et al. v. Surf-Frac Wellhead Equipment Company, Inc.*, 4:11-CV-843 (JLH) (E.D. Ark.); *Robert Terry, et al. v. City of Ola*, 4:11-cv-11-645 (JLH) (E.D. Ark.); *Donald Bateman, et al. v. Frac Tech Services, LLC*, 6:11-cv-708 (E.D. Tex.); *Kalie Brown, et al. v. Barney's Barn, Inc., d/b/a/ Peaches Gentlemen's Club*, 4:11-cv-224 (SWW) (E.D. Ark.); *Jason Phillips v. Oil Patch Water and Sewer Services, LLC, et al.*, 4:11-cv-776 (JLH) (E.D. Ark.); *David Delock, et al. v. Securitas Security Services USA, et al.*, 4:11-CV-520 (DPM) (E.D. Ark.); *Karen Springs, et al. v. First Student, Inc.*, 4:11-CV-00240 (BSM) (E.D. Ark.); *Teramura v. Walgreen Co.*, 5:12-

cv-5244-JLH (W.D. Ark.), and many others.

11. I have also been lead counsel on numerous wage and hour cases that resulted in settlements or judgments in favor of my clients including the following: *Coby Pearce v. Frac Tech Services, LLC*, No. 4:12-cv-651-JLH (E.D. Ark.); *Nicole Collins v. Barney's Barn, Inc., et al.*, No. 4:12-cv-685-SWW (E.D. Ark.); *Joseph Gauthier, et al. v. Trican Well Service, L.P.*, No. 6:13-cv-46-LED (E.D. Tex.); *Jason Roche, et al. v. S-3 Pump Service, Inc.*, No. 5:15-cv-268-XR (W.D. Tex.); *Kristen Whitworth, et al. v. French Quarter Partners, LLC*, No. 6:13-cv-6003-RTD (W.D. Ark.); *Robert Terry v. Yell County Ark.*, No. 4:13-cv-408-SWW (E.D. Ark.); *Jessica Guinn v. D J Trucking*, No. 4:13-cv-559-KGB (E.D. Ark.); *Maria Romero de Lopez, et al. v. Ozark Mountain Poultry, Inc.*, No. 5:13-cv-5272-TLB (W.D. Ark.); *Sean Jordan v. Big E. Foods, Inc.*, No. 4:14-cv-205-BRW (E.D. Ark.); *Patricia Hernandez, et al. v. Simmons Foods, Inc.*, No. 5:14-cv-5159-JLH (W.D. Ark.); *Sean Schneider v. Habitat for Humanity International, Inc.*, No. 5:14-cv-5230-TLB (W.D. Ark.); *Pedro Espinoza v. Car-Son Construction, LLC*, No. 4:14-cv-467-KGB (E.D. Ark.); *Sheila Lyles v. City of Trumann, Ark.*, No. 3:14-cv-210-DPM (E.D. Ark.); and *Kellie McCartney v. Baily and Thompson Tax and Accounting, P.A.*, No. 4:14-cv-561-SWW (E.D. Ark.).

12. More recently, I have also been lead counsel on several wage and hour cases in which collective actions have been granted including *Sam Adams v. United Cerebral Palsy of Central Ark., Inc.*, No. 4:16-cv-930-JLH (E.D. Ark.); *James Harris, et al. v. Express Courier International, Inc.*, No. 5:16-cv-5033-TLB (W.D. Ark.); and *Dustin Moore, et al. v. Performance Pressure Pumping Services, LLC*, No. 5:15-cv-432-XR (W.D. Tex.), and dozens of others.

Page 4 of 15
Kimberly Oden, et al. v. Shane Smith Enterprises, Inc.
U.S.D.C. (E.D. Ark.) No. 4:19-cv-693-BRW
Declaration of Attorney Josh Sanford

13. Since January of 2015, Sanford Law Firm has filed and prosecuted over 800 distinct wage lawsuits throughout Arkansas and Texas. Many of these lawsuits are or were group or collective actions, as well as several class actions under Rule 23.

14. Collectively, cases filed by the Sanford Law Firm since 2009 have resulted in far more than $13,000,000.00 in settlements and judgments for wage and hour violations for more than three thousand clients across the nation.

15. I am familiar with the customary and reasonable fees charged by myself and by other attorneys in federal courts in Arkansas. Generally, the customary and reasonable fee charged for federal court work in U.S. District Courts in Arkansas is $150.00 to $350.00 per hour, depending upon experience and specialty.

16. **However, some attorneys charge far more than this**. I am personally familiar with employment defense attorneys who charge $440.00 and also $410.00 per hour in cases in the Eastern District of Arkansas, and I have more experience in wage litigation than do those attorneys.

17. The rates charged by Sanford Law Firm's attorneys are reasonable. The rates are reflective of the number of years each attorney has practiced, the attorneys' expertise in employment issues such as the FLSA, the contingent nature of an award of fees, and the rates charged by other attorneys specializing in FLSA work. The staff time and hourly rate for the Sanford Law Firm below are likewise reasonable and comparable.

18. Individual billing in this case is summarized below, after reductions made in the exercise of billing discretion. At Plaintiff's counsel actual hourly rates, the amount would be $6,642.50. The hourly rates shown below were specifically reduced for the purpose of this fee petition.

Page 5 of 15
Kimberly Oden, et al. v. Shane Smith Enterprises, Inc.
U.S.D.C. (E.D. Ark.) No. 4:19-cv-693-BRW
Declaration of Attorney Josh Sanford

| Billed By | Actual Rate | Rate Claimed | Time Claimed | Amount Claimed |
|---|---|---|---|---|
| **Josh Sanford** | $325.00 | $250.00 | 7.4 | $1,850.00 |
| **Courtney Lowery** | $150.00 | $100.00 | 19.4 | $1,940.00 |
| **Rebecca Matlock** | $190.00 | $150.00 | 2.1 | $315.00 |
| **Stacy Gibson** | $190.00 | $150.00 | 0.7 | $105.00 |
| **Anna Stiritz** | $250.00 | $200.00 | 0.3 | $60.00 |
| **Staff**[1] | $60-$100 | $25.00 | 6.6 | $165.00 |
| **Total** | | | 36.5 | $4,435.00 |

19. Each attorney's hourly rates are supported by their skills and experience as described in the following:

   a. Attorney Courtney Lowery is a first-year associate. She graduated from the University of Arkansas at Little Rock, William H. Bowen School of Law with high honors in 2019. As a law student, Ms. Lowery served on the Law Review Editorial Board as Articles Editor. In her single year of practice, Ms. Lowery has litigated multiple cases to resolution under the direction of Mr. Sanford.

   b. Attorney Rebecca Matlock has been with the Sanford Law Firm for five years. She graduated from the University of Arkansas at Little Rock, William H. Bowen School of Law in 2015. While in law school, Ms. Matlock served as Executive Editor of the University of Arkansas at Little Rock Law Review, in which her article was published in the Spring 2015 issue. Since joining the Sanford Law Firm, Ms. Matlock has worked primarily in employment law litigation involving misclassification, minimum wage, overtime and 'off-the-clock' violations.

   c. Attorney Stacy Gibson graduated cum laude from the University of Arkansas School of Law in 2014. While attending law school. Ms. Gibson was a Note and Comment Editor for the Journal of Food Law & Policy.  Ms. Gibson litigated family law, probate, and general civil matters throughout the state before focusing her practice on FLSA cases.  She has served as co-counsel on numerous single-plaintiff and collective action FLSA cases in Arkansas district courts and in arbitration, as well as served as lead counsel in a collective action for a group of 189 plaintiffs in the Southern District of Mississippi. She has litigated several FLSA cases for law enforcement officers.  Ms. Gibson is a member of the Arkansas Trial Lawyers Association.

---

1   "Staff" refers to the billing of Anne Paul, Cagney Kilgore, Kaylee Gould, Marley Cash-Powell, and Tracy Freeman, all of whom bill at the adjusted rate of $25.00 per hour.

    d. Attorney Anna Stiritz is a 1991 graduate of the University of Arkansas at Little Rock (UALR) School of Law. Ms. Stiritz received her undergraduate degree from Wheaton College in 1989. Ms. Stiritz initially focused her practice on adoption-related cases as well as dependency-neglect cases in juvenile court but has since focused her practice on the Sanford Law Firm's employment practice, including an emphasis on managing and coordinating with class members in the firm's FLSA-based collective actions.

20. The Sanford Law Firm's work focuses on representing workers in employment matters, and its lawyers focus their practices in the area of the FLSA and similar wage-and-hour cases. In the community of attorneys who focus their practice in this area of the law, the Sanford Law Firm has a strong reputation for its quality of work and diligent representation of its clients.

21. The lawyers at the Sanford Law Firm often have opportunities for greater responsibility and experience than many of their peers in the legal community with the same years of experience practicing law. What I mean by this is that because of the management style at the Sanford Law Firm, lesser-experienced attorneys are able to independently manage their own cases with the oversight of more experienced attorneys and supported by a firm culture of collaboration and accessibility to all Sanford Law Firm attorneys. Lesser-experienced attorneys with Sanford Law Firm find themselves effectively navigating litigation with far more experienced opposing counsel, as well as successfully taking on far more responsibility than many of their peers of equal experience at other law firms.

22. Due to this culture of personal responsibility, conferences between attorneys of differing levels of experience ensure that less experienced attorneys receive the benefits of the skills and knowledge of more experienced attorneys.

23. I am aware of the customary rates for attorneys of various skill levels who

focus their practice in the area of labor and employment within the Little Rock area and the hourly rates charged by Sanford Law Firm attorneys are in line with those rates.

24. I have gained my knowledge of hourly rates charged through my own practice in Little Rock, as well as by practicing with or having conversations with other attorneys who practice in the Little Rock, including Brent Wakefield, John Brown and Paul Pfeifer.

25. Sanford Law Firm represented Plaintiff in this case on a contingency basis and paid all out-of-pocket costs, including filing and service fees, copying costs, and other such expenses without any assurances that fees or costs would be recovered. To be clear, the "contingency" fee arrangement between Plaintiff and Sanford Law Firm is not a contingency fee in the traditional sense whereby an attorney takes a portion of the plaintiff's recovery. Rather, Sanford Law Firm relies solely on the fee-shifting provisions of the FLSA and AMWA to recover their fees in this case.

26. Not only is there no guarantee that any fees and costs will be recovered in a contingency fee case, but any recovery made will be delayed as compared to clients who make up-front or monthly payments as litigation proceeds. In contingency fee cases, an attorney is not paid for months or even years, depending on how long it takes for litigation to conclude.

27. This type of work is time-consuming and rigorous, and the amount of time spent by our firm at each step in this case is reasonable.  It is not uncommon in the course of my practice for clients with similar cases to incur attorney's fees that are as much as or more than those in this case.

28. With these matters in mind, I reviewed the hourly rates for the attorneys and

staff that the Sanford Law Firm is seeking in this case.

29. Based on my experience and knowledge, it is my opinion that these hourly rates are reasonable given the attorneys' skills, expertise, and reputations, and they are within the range of rates awarded to attorneys with similar backgrounds and experience.

30. The request for attorney's fees and costs is based upon contemporaneous time and expenses records maintained by Sanford Law Firm as a matter of ordinary and customary business practice. The time and billing records identify the amount of time expended, the tasks performed, the rate of the particular timekeeper involved, and the costs incurred. A true and accurate copy of a spreadsheet reflecting relevant legal services rendered and time expended on this case through the date of this Declaration, is attached to Plaintiff's Motion for Costs and Attorneys' Fees as Exhibit 1 (hereinafter "Billing Spreadsheet").

31. Each task reflected in the attached Invoice was necessary to the successful resolution of this matter; the hours expended were actually expended on the topics stated; the time spent on each task was reasonable; and the rates claimed are also reasonable.

32. The entries in the Billing Spreadsheet are reviewed, categorized, and reduced where appropriate to reflect the exercise of billing judgment. Categorization of the tasks is intended to assist the Court in understanding how time was expended in this case and assessing the charges reasonably incurred by the Sanford Law Firm in this case. The Billing Spreadsheet reflects the actual time, the amount of time after applying any reductions, and the percent of reduction in time.

33. The time expended in each category of work applied in the Billing Spreadsheet, including actual time, time claimed, and the percent of reduction in time, is

summarized below. Again, at the attorneys' actual hourly rates, rather than the reduced rates claimed in this fee petition, the amount below would be $6,642.50.

| Category | Time Claimed | Amount Claimed |
|---|---|---|
| **Case Management** | 6.4 | $760.00 |
| **Client Communication** | 2.4 | $195.00 |
| **Complaint** | 3.9 | $480.00 |
| **Discovery Related** | 5.2 | $272.50 |
| **Fee Petition** | 3.4 | $455.00 |
| **In House Conference** | 3.6 | $530.00 |
| **Motion for Recusal** | 3.4 | $445.00 |
| **Opp. Counsel Communication** | 2.8 | $595.00 |
| **Settlement Related** | 5.4 | $702.50 |
| **Total** | **36.5** | **$4,435.00** |

34. The categories described above were developed by Plaintiff's counsel to assist this Court in determining the reasonableness of fees. Categorizing individual charges is more of an art than a science, meaning some charges might fit well into more than one category, but good faith efforts were made to put each billing entry into the category that best defined it.

35. The category "Complaint" involves conducting preliminary investigations into the case, drafting the initial Complaint as well as the Summons and other initiating documents, and doing the work involved in getting the case filed and served, including conferences with process servers and staff. In an attempt to streamline our processes and reduce fees, my firm has assigned certain attorneys specific tasks that they perform in each of our cases. Anna Stiritz is our intakes specialist, and performs the initial contacts and case initiation tasks in each case, including drafting and reviewing representation agreements. The time spent in the case initiation and "Complaint" category of work is reasonable on its face.

36. Among the categories reflected in the spreadsheet, and sometimes encompassed by other categories, are conferences between the attorneys of the Sanford Law Firm, referred to as "In House Conference." These conferences are critical to the success of cases like this one because it improves the efficiency and quality of attorney work. Tasks can be delegated to Sanford Law Firm attorneys who are more experienced in certain types of projects or topics to increase the speed, accuracy or quality for accomplishing the task, or to attorneys whose hourly rates are lower to keep costs down, especially where the speed at which a task can be accomplished will be largely the same regardless of who performs the task. In the case of collective actions, in-house conferences allow attorneys to share the load of multi-plaintiff litigation.

37. Attorney conferences also increase efficiency because they allow attorneys to share their specific legal knowledge of particular topics, thereby preventing an attorney who is working on a project from having to spend time doing the research, creating a new legal form, or otherwise "re-inventing the wheel." In this way, even less experienced attorneys are able to work more efficiently and with greater quality than other attorneys of comparable experience. In fact, this "communal" knowledge benefits even more experienced attorneys who may be assisted by a less experienced attorney who simply has a particular skill set or knowledge of a topic that can be quickly shared through communication.

38. Because of Plaintiff's counsel's knowledge of and experience in FLSA work, as well as their collaboration, Plaintiff's counsel were able to complete tasks efficiently, which served to keep billing lower that it would have been without that knowledge, experience and collaboration.

39. Attorney-client conferences, reflected in the "Client Communication" category, are also critical to the success of Sanford Law Firm cases. First, all communication from clients is important. In my experience, when a client feels he or she is being ignored by attorneys, that reduces the level of trust between the client and the attorney, which damages the attorney-client relationship. This, in turn, makes quality representation of the client extremely difficult and reduces efficiency. Further, attorneys must trust that their clients are reliable and accessible. Approaching deadlines, settlement conferences, and other issues in a case often demand immediate client response, so a healthy attorney-client relationship is a necessary part of the litigation process.

40. Participating in and conducting discovery is also an important aspect of litigating a case, which is covered by the "Discovery Related" category of billing. Generally speaking, "Discovery Related" includes more formal discovery such as responding to Interrogatories and Requests for Production of Documents served by opposing counsel as well as drafting and serving Interrogatories and Requests for Production of Documents, as well as more informal types of discovery, such as fact investigation, internet searches and reviewing information from Plaintiffs regarding relevant facts of the case. Both formal and informal discovery are important to litigation in all respects, including making decisions about how to proceed in the case, selecting and prepping witnesses, and calculating damages.

41. In this particular case, the parties engaged in informal discovery in which Defendant provided Plaintiff with phone records that showed how often Plaintiff was required to work off-the-clock. Plaintiff was required to cull through numerous records and input the data in a workable spreadsheet in order to calculate damages and draft a

demand. To reduce fees in this case, the bulk of the data entry work was performed by a paralegal, but attorney oversight and review was required.

42. The category "Case Management" involves a wide variety of items geared toward progressing a case. This work includes conferences with staff for purposes of providing directions for tasks to be completed by staff members rather than attorneys, scheduling events, responding to formal and informal requests for extensions of time, and the like. Case Management also includes work such as reviewing orders related to scheduling and other work that is necessary to the procedural, rather than substantive, aspects of the case. The time spent engaged in this work is reasonable.

43. The "Opposing Counsel Communication" category includes communications with Counsel for Defendants in this case, including phone calls, as well as drafting, sending and receiving emails to and from Counsel for Defendants. In this case, the open lines of communication between Plaintiff's Counsel and Defendants' Counsel resulted in greater efficiency and lower fees as shown by the agreed class and early settlement the parties negotiated. The time devoted to this category of work is reasonable.

44. The "Fee Petition" category of work involves work related to the preparation and drafting of Plaintiff's Motion for Costs and Attorneys' fees, including drafting the motion, supporting brief, and the current declaration, as well as time spent working with billing, including reviewing, editing, categorizing, and reducing billing, as well as ensuring protection of attorney-client privilege in producing billing. Reviewing each discreet time entry on a billing invoice for necessity, duplicity and categorization is extremely time and labor intensive and requires specialized knowledge in what courts deem acceptable billing

practices. As with case initiation and settlement, my firm has trained a few attorneys in reviewing our invoices with a critical eye and drafting the pursuant motions. Because these attorneys are skilled in drafting fee petitions, the attorney who drafted this motion was able to do so more expediently and efficiently than otherwise. Nevertheless, the exacting nature of fee petitions often necessitate a large amount of time spent on them in order to ensure our petitions are compliant with previous court orders. Because this case was initiated prior to the implementation of the Firm's streamlining, multiple attorneys worked on this fee petition over the course of the case. Even though every hour spent on the fee petition was valuable and necessary for the preparation of the final motion, I recognize that having multiple attorneys work on this petition results in inefficiency and so have already reduced the time claimed for this fee petition by 67.9%.

45.     In preparing to support Plaintiff's Motion for Costs and Attorneys' Fees, my firm exercised billing judgment in calculating the lodestar, reviewing records of hours worked and writing off entries for time spent on tasks which could reasonably be viewed as unproductive, excessive, redundant, or which were otherwise deemed as appropriate for writing off completely or reducing as part of Plaintiff's request for attorneys' fees in this case. Items deducted or reduced also included items for which billing was insufficiently clear to describe how the time was spent, a portion of in-house conferences, and a portion of time related to case management and other items where appropriate. As a result of this good faith review, the total billing was reduced from $6,642.50 to $4,435.00.

46.     In addition, court costs and recoverable expenses were also incurred in this matter. Specifically, Plaintiff bore the $400.00 filing fee required to file any complaint in the Eastern District of Arkansas and a process server fee of $50.00. These costs were

advanced by the Sanford Law Firm on behalf of Plaintiff, and Plaintiff is contractually obligated to reimburse Sanford Law Firm out of any recovery in this case.

47.     The amount of the costs requested is correct. The costs stated were necessarily incurred during the case, the services giving rise to the costs were actually and necessarily performed.

**PURSUANT TO 28 U.S.C. § 1746, I VERIFY UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.**

Executed on this 30th day of November, 2020.

*/s/ Josh Sanford*
**JOSH SANFORD**